**FILED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AUG 2 8 2008

**Clerk, U.S. District and Bankruptcy Courts**

|  |  |
|---|---|
| LIYAH KAPRICE BROWN<br>4415 6th Place, N.E.<br>Washington, D.C. 20017 | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| RAMONA HANDY, aka MONA<br>HANDY<br>16016 Sheringham Way<br>Gainesville, VA 20155 | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

Civil Action No. _____

Case: 1:08-cv-01509
Assigned To : Collyer, Rosemary M.
Assign. Date : 8/28/2008
Description: Civil Rights-Non-Employ.

*JURY ACTION*

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

### NATURE OF ACTION

1.      Liyah Brown ("Plaintiff") is an attorney with the Public Defender Service for the District of Columbia. She brings this action to redress injuries she suffered and continues to suffer as a result of the unconstitutional partial strip search of her at the H. Carl Moultrie Courthouse of the Superior Court of the District of Columbia conducted by Deputy United States Marshal Ramona Handy, aka Mona Handy ("Defendant").

2.      On August 29, 2007, Ms. Brown was representing a client before Judge John H. Bayly, Jr., Associate Judge of the Superior Court. Judge Bayly ordered that Ms. Brown be "stepped back" by the Deputy United States Marshals ("Deputy Marshals") who were providing security in the courtroom and taken into custody. The District of Columbia Commission on Judicial Disabilities and Tenure has since determined that Judge Bayly's directive was unjustified

and in violation of the Code of Judicial Conduct. Judge Bayly has apologized to Ms. Brown in writing.

3.     Defendant Deputy Marshal Ramona Handy and a male Deputy Marshal took Ms. Brown to a holding area where Defendant Handy searched her. The search included a partial strip search, despite the absence of any legitimate justification or basis for suspecting that Ms. Brown possessed contraband, a weapon, or evidence of a crime. Defendant Handy exposed Ms. Brown's breasts by raising her jacket, shirt, and bra. The search was conducted in plain view of the male Deputy Marshal and male and female detainees.

4.     Defendant's actions violated Ms. Brown's right under the Fourth Amendment to the United States Constitution to be secure against an unreasonable search.

5.     Ms. Brown seeks compensatory and punitive damages and a declaratory judgment to remedy the pain, suffering, and humiliation she has been caused by Defendant's actions.

## PARTIES

6.     Liyah Kaprice Brown is a resident of the District of Columbia residing at 4415 6th Place, N.E., Washington, D.C. 20017. She is employed by the Public Defender Service of the District of Columbia, and regularly appears on behalf of her clients before the judges of the Superior Court of the District of Columbia in the Moultrie Courthouse. The courthouse is located at 500 Indiana Avenue, N.W., Washington, D.C. 20001.

7.     Ramona Handy, aka Mona Handy, is, or at the time of events at issue was, an employee, agent, and/or representative of the United States Marshals Service ("USMS") assigned to the Moultrie Courthouse in Washington, D.C. The USMS, through Deputy United States Marshals and other employees, agents, or other representatives, provides judicial security at the

2

Moultrie Courthouse. The USMS also provides security at federal courthouses throughout the country. Handy was acting within the scope of her official duties by performing security functions in the courtroom of Judge John H. Bayly, Jr., on August 29, 2007.

8.    Upon information and belief, Defendant Handy and the USMS derive their authority to provide judicial security at the Moultrie Courthouse from cooperative agreements between the USMS and the District of Columbia and from District of Columbia law. Upon information and belief, the judicial security provided by Handy and the USMS at the Moultrie Courthouse is funded in part by the District of Columbia.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 2201.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) because the events giving rise to the claim occurred in the District of Columbia and the Plaintiff is a resident of the District of Columbia.

## FACTUAL BACKGROUND

11.    Liyah Brown has been a Trial Attorney with the Public Defender Service for the District of Columbia ("PDS") since October 2005. In that capacity, Brown represents adult and juvenile indigent criminal defendants in felony and misdemeanor cases in adult and family court. She appears before the judges of the Superior Court of the District of Columbia in the Moultrie Courthouse virtually every week, often several times a week.

12.    On August 29, 2007, Brown went to the Moultrie Courthouse to represent a client in a status hearing before Judge John H. Bayly, Jr., Associate Judge of the Superior Court. As

3

usual, she wore a badge identifying her position with PDS, and passed through a metal detector without incident to gain entry to the courthouse.

13.     During the course of Ms. Brown's oral presentation on behalf of her client, Judge Bayly repeatedly cut her off while she was trying to answer his question.  Brown remained calm and continued to try to answer the question, but Judge Bayly became upset and exclaimed several times, "step her back."  This was a directive to the Deputy Marshals providing courtroom security to take Brown into custody.

14.     Judge Bayly has been admonished for his actions.  The District of Columbia Commission on Judicial Disabilities and Tenure ("Commission") conducted an investigation and concluded that "nothing Ms. Brown did warranted that she be 'stepped back' and incarcerated." Determination & Undertaking, D.C. Comm'n on Judicial Disabilities & Tenure (Mar. 12, 2008) at 1 (copy attached as Attachment A).  The Commission further determined that Judge Bayly's "conduct in this instance was regrettable and in violation of the applicable provisions of the Code of Judicial Conduct."  *Id.* at 2.  Judge Bayly has written a letter of apology to Brown.  *See* Letter from J. Bayly to L. Brown (Sept. 21, 2007) (copy attached at Attachment B).

15.     Upon Judge Bayly's order, Defendant Handy and a male Deputy Marshal who were providing security in the courtroom took Brown into custody.  They removed Brown from the courtroom and took her to the cell block adjacent to the courtroom.

16.     The same two Deputy Marshals remained with Brown in the cell block.  The male Deputy Marshal took Brown's personal effects, including her jewelry, shoes, and court identification badge identifying Brown as a PDS employee.

4

17.     Defendant Handy then searched Brown twice.  The male Marshal was standing directly beside Defendant Handy during both searches.

18.     Both searches occurred against the wall directly across from and in full view of the male holding cell.  The female holding cell was next to the male holding cell, on a diagonal from Brown's location.

19.     The first search entailed what is commonly referred to as a "pat down" or "frisk." Defendant Handy performed this search while Brown's back was to the wall.  Brown cooperated fully with the search.

20.     The search did not reveal anything inappropriate.  Nor had Brown acted at the courthouse that day – or on any of her many prior days at the courthouse – in a manner that could reasonably give rise to a suspicion that she might possess contraband, a weapon, evidence of a crime, or anything else inappropriate or threatening.  In fact, Defendant Handy knew or should have known that Brown had passed through a metal detector without incident to gain entry to the courthouse.

21.     Defendant Handy nonetheless conducted a second and much more intrusive search.  The second search was a partial strip search.

22.     To begin the second search, Defendant Handy positioned Brown so that she was facing the wall, her hands were against the wall, and her feet were apart.  Defendant Handy raised Brown's suit jacket and her shirt so that Brown's bare skin was exposed.  Defendant Handy then pulled Brown's bra away from her breasts and above her shoulders, fully exposing Brown's breasts.  Defendant Handy was looking directly at Brown's bare breasts during these events.

5

23.     The second search was conducted in plain view of the male Deputy Marshal and detainees in the male holding cell. The male Deputy Marshal, standing next to Brown and Defendant Handy, had an unobstructed view of Brown's breasts while Defendant Handy exposed them. Even though Brown was facing the wall, it was apparent from the vantage point of the male holding cell that Defendant Handy had exposed Brown's breasts. Upon information and belief, Brown's exposed breasts were visible from at least certain positions in the male holding cell. Upon information and belief, these events and Brown's exposed breasts were also visible from at least certain positions in the female holding cell.

24.     Brown was then placed in handcuffs that were attached to a chain around her waste and moved to the female holding cell. While in the cell, a male in the adjoining cell said that he would like to get his hands on Brown like Defendant Handy had and that Brown was too sexy to be locked up.

25.     Brown was soon released. No further actions were taken against her by Judge Bayly.

26.     At all times relevant to the events described above, Defendant Handy was acting within the scope of her employment as an employee, agent, and/or representative of the USMS and the District of Columbia.

27.     Defendant acted intentionally, maliciously, and with willful, callous, wanton, and reckless disregard for Plaintiff's constitutionally protected rights.

## INJURY TO PLAINTIFF

28.    As a direct and proximate result of Defendant's actions, the Plaintiff has suffered, and in the future will continue to suffer, humiliation, economic loss, embarrassment, and mental and emotional distress.

29.    Ms. Brown's injuries were significantly exacerbated because Defendant Handy conducted the search in plain view of a male Deputy Marshal and male detainees.

30.    Defendant's actions have made Ms. Brown fearful of being subjected in the future to another unconstitutional and humiliating search while representing indigent defendants in the Moultrie Courthouse.

## COUNT I

### FOURTH AMENDMENT

31.    Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 30 above.

32.    The foregoing actions by Defendant constitute a violation of Plaintiff's right to be secure in her person against unreasonable searches, guaranteed by the Fourth Amendment to the United States Constitution.

## COUNT II

### 42 U.S.C. § 1983

33.    Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 32 above.

34.     At all times relevant to the events described herein, Defendant was acting under color of statute, ordinance, regulation, custom, and/or usage of the District of Columbia, in addition to the United States.

35.     Through the foregoing actions, Defendant subjected Plaintiff to the deprivation of the right to be secure in her person against unreasonable searches, guaranteed by the Fourth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

36.     WHEREFORE, Plaintiff prays that this Court grant her the following relief:

(a)     enter a declaratory judgment finding that the foregoing actions of the Defendant violate the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983;

(b)     award compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, humiliation, embarrassment, and mental and emotional distress caused by the conduct of the Defendant alleged herein;

(c)     award punitive damages to the Plaintiff in an amount to be determined by the jury that would punish the Defendant for her willful, wanton, and reckless conduct alleged herein and that would effectively deter the Defendant from engaging in similar conduct in the future;

(d)     award Plaintiff her reasonable attorneys' fees and costs; and

(e)     order such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury as to all issues in this case.


Date:   August 28, 2008                    Respectfully submitted,

                                           John P. Relman (D.C. Bar No. 405500)
                                           Jennifer I. Klar (D.C. Bar No. 479629)
                                           RELMAN & DANE PLLC
                                           1225 19th Street, N.W.
                                           Suite 600
                                           Washington, D.C. 20036
                                           (202) 728-1888 (o)
                                           (202) 728-0848 (fax)
                                           jrelman@relmanlaw.com
                                           jklar@relmanlaw.com

                                           *Attorneys for Plaintiff*

# Attachment A

# DISTRICT OF COLUMBIA COMMISSION
## ON JUDICIAL DISABILITIES AND TENURE
515 FIFTH STREET, N.W.  BUILDING A, ROOM 246
WASHINGTON, D.C. 20001
(202) 727-1363

## DETERMINATION AND UNDERTAKING

Re:  The Honorable John H. Bayly, Jr., Associate Judge of the Superior Court of
the District of Columbia

The Commission has investigated the circumstances surrounding the detention of Liyah K. Brown at the direction of Judge John Bayly on August 29, 2007. Ms. Brown is an attorney for the Public Defender Service who was appearing before Judge Bayly on behalf of a detained client. During the hearing, Ms. Brown attempted to make an argument on behalf of her client. Judge Bayly indicated that he did not believe that Ms. Brown's arguments were pertinent to the issue before him. He then repeatedly ordered Ms. Brown to "be quiet," indicated that he would "call the case later," and warned that if she continued, she was "going to be in contempt in a minute." Notwithstanding Judge Bayly's repeated admonitions, Ms. Brown continued to make her argument. At that point, Judge Bayly became angry and ordered that Ms. Brown be "stepped back." She was thereafter detained by court Marshals, shackled, subjected to an intrusive patdown search, and incarcerated for approximately forty-five minutes.

The Commission has met with Judge Bayly, discussed the facts with him, and heard his explanation and account of the aforementioned incident. Judge Bayly agrees that his actions were grossly disproportionate to Ms. Brown's conduct. He has also expressed his regret for his actions and has issued Ms. Brown a written apology. The Commission has also met and discussed this matter with Ms. Brown, who provided a detailed account of the in-court hearing and her post-hearing detention. In addition, the Commission has reviewed the transcript and audiotape of this proceeding.

The Commission has determined that Judge Bayly's actions were grossly disproportionate to Ms. Brown's conduct. Based on its careful review of the evidence, it is clear to the Commission that nothing Ms. Brown did warranted that she be "stepped back" and incarcerated. In this regard, the Commission notes that it has been informed that many judges go their entire career without ordering the detention of an attorney appearing before them. The facts surrounding the August 29, 2007 incident with Ms. Brown do not approach the rare circumstances in which this extraordinary exercise of judicial power would be warranted.

The Commission therefore concludes that Judge Bayly's conduct violated Canon 3B(4) of the Code of Judicial Conduct as adopted by the Joint Committee on Judicial Administration of the District of Columbia Courts, which provides that "[a] judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with

08 1509

**FILED**

AUG 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

☑ 0003/0003

03/17/2008 11:19 FAX

whom the judge deals in an official capacity...." The Commentary to that Canon aptly observes:

"The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Judges can be efficient and businesslike while being patient and deliberate."

Judge Bayly accepts the Commission's determinations and conclusions expressed above and recognizes that his conduct in this instance was regrettable and in violation of the applicable provisions of the Code of Judicial Conduct. Judge Bayly hereby undertakes to avoid any such conduct in the future and to conform his conduct to the standards prescribed by the Code.

In view of Judge Bayly's record on behalf of the people of the District of Columbia over some eighteen years, the Commission further concludes that no additional sanctions are warranted.

The Commission makes this document public with the agreement of Judge Bayly.

For The Commission:

_____
John H. Bayly, Jr.
Associate Judge
Superior Court of the District of Columbia

_____
William P. Lightfoot
Chairperson

_____
March 11, 2008
Date

_____
3/2/08
Date

2

# Attachment B

### Superior Court of the District of Columbia
### Washington, D.C. 20001

Chambers of
John H. Bayly, Jr.
Judge

September 21, 2007

Liyah Brown, Esq.
Public Defender Service
633 Indiana Ave., N.W.
Washington, D.C.  20004

Dear Ms. Brown:

At the outset may I apologize for any anguish or
embarrassment you may have experienced as a result of being
detained behind the courtroom on August 29, 2007.  I do not
know first-hand what you may have experienced, but it was
never my intention or my expectation that your detention
should be made punitive.  I now recognize that even a brief
period of detention would have caused you distress out of
proportion to what had occurred.

I would also like to express my regret that the events
of August 29 came to such an unfortunate conclusion.  Like
my colleagues, I often struggle to ensure the fair and
efficient administration of justice on a crowded criminal
calendar.  My purpose at the status call was not to deprive
your client of your help or representation.  Nor was my
purpose to express personal pique or animus.  Rather, my aim
was to address what I saw as a situation that prevented me
from reaching the remaining cases on the calendar in an
orderly and expeditious fashion.  You will recall, I hope,
that I rescinded my action as soon as remaining cases could
be called, the courtroom had been substantially emptied,
and you had conferred with your colleagues.  I did not
adjudicate you in contempt and it was never my intention to
pursue contempt proceedings once order had been
reestablished.

08 1509

I recognize fully that I share the courtroom with
litigants, lawyers, witnesses, staff, and spectators.  I
recognize also that the judge's role is properly focused

**FILED**

AUG 2 8 2008

Clerk, U.S. District and
Bankruptcy Courts

overseeing the pace, scope, and fairness of the proceedings. I apologize to you if, in haste, I did not make clear that my sole interest was to discharge my obligation in this respect.

Upon reflection, I also acknowledge that placing you in custody was too severe a measure for accomplishing what I had hoped to achieve. I apologize for proceeding in so summary a fashion as I see, in retrospect, that it caused you distress I never intended.

I hope that by expressing these thoughts I have to some extent allayed your concerns and that we will be able to pursue a professional relationship that is both positive and productive.

Very truly yours,

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Liyah Kaprice Brown

11 001

## DEFENDANTS

Ramona Handy, aka Mona Handy

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John P. Relman, Jennifer I. Klar
Relman & Dane PLLC
1225 Nineteenth St. NW, Suite 600
Washington, DC 20036
(202)-728-1888

Case: 1:08-cv-01509
Assigned To : Collyer, Rosemary M.
Assign. Date : 8/28/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O  1 U.S. Government
Plaintiff

(●) 3 Federal Question
(U S Government Not a Party)

O  2 U.S. Government
Defendant

O  4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O A. *Antitrust*

☐ 410 Antitrust

O B. *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O C. *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

O D. *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

O  E. *General Civil (Other)*     OR     O  F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

1

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ◎ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◎ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Fourth Amendment; 42 U.S.C. § 1983. Defendant conducted an unlawful strip-search of Plaintiff.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ Check YES only if demanded in complaint<br>**JURY DEMAND:**   YES ☒   NO ☐ |
|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction)   YES ☐   NO ☒ | If yes, please complete related case form. |
|---|---|---|

DATE   08/28/08        SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Attachment A

# DISTRICT OF COLUMBIA COMMISSION
## ON JUDICIAL DISABILITIES AND TENURE
### 515 FIFTH STREET, N.W. BUILDING A, ROOM 246
#### WASHINGTON, D.C. 20001
#### (202) 727-1363

## DETERMINATION AND UNDERTAKING

Re:  The Honorable John H. Bayly, Jr., Associate Judge of the Superior Court of
the District of Columbia

The Commission has investigated the circumstances surrounding the detention of
Liyah K. Brown at the direction of Judge John Bayly on August 29, 2007. Ms. Brown is
an attorney for the Public Defender Service who was appearing before Judge Bayly on
behalf of a detained client.  During the hearing, Ms. Brown attempted to make an
argument on behalf of her client. Judge Bayly indicated that he did not believe that Ms.
Brown's arguments were pertinent to the issue before him. He then repeatedly ordered
Ms. Brown to "be quiet," indicated that he would "call the case later," and warned that if
she continued, she was "going to be in contempt in a minute." Notwithstanding Judge
Bayly's repeated admonitions, Ms. Brown continued to make her argument.  At that
point, Judge Bayly became angry and ordered that Ms. Brown be "stepped back." She
was thereafter detained by court Marshals, shackled, subjected to an intrusive patdown
search, and incarcerated for approximately forty-five minutes.

The Commission has met with Judge Bayly, discussed the facts with him, and
heard his explanation and account of the aforementioned incident.  Judge Bayly agrees
that his actions were grossly disproportionate to Ms. Brown's conduct.  He has also
expressed his regret for his actions and has issued Ms. Brown a written apology.  The
Commission has also met and discussed this matter with Ms. Brown, who provided a
detailed account of the in-court hearing and her post-hearing detention.  In addition, the
Commission has reviewed the transcript and audiotape of this proceeding.

The Commission has determined that Judge Bayly's actions were grossly
disproportionate to Ms. Brown's conduct. Based on its careful review of the evidence, it
is clear to the Commission that nothing Ms. Brown did warranted that she be "stepped
back" and incarcerated.  In this regard, the Commission notes that it has been informed
that many judges go their entire career without ordering the detention of an attorney
appearing before them.  The facts surrounding the August 29, 2007 incident with Ms.
Brown do not approach the rare circumstances in which this extraordinary exercise of
judicial power would be warranted.

The Commission therefore concludes that Judge Bayly's conduct violated Canon
3B(4) of the Code of Judicial Conduct as adopted by the Joint Committee on Judicial
Administration of the District of Columbia Courts, which provides that "[a] judge shall
be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with

whom the judge deals in an official capacity…." The Commentary to that Canon aptly observes:

"The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court.  Judges can be efficient and businesslike while being patient and deliberate."

Judge Bayly accepts the Commission's determinations and conclusions expressed above and recognizes that his conduct in this instance was regrettable and in violation of the applicable provisions of the Code of Judicial Conduct. Judge Bayly hereby undertakes to avoid any such conduct in the future and to conform his conduct to the standards prescribed by the Code.

In view of Judge Bayly's record on behalf of the people of the District of Columbia over some eighteen years, the Commission further concludes that no additional sanctions are warranted.

The Commission makes this document public with the agreement of Judge Bayly.

For The Commission:

John H. Bayly, Jr.
Associate Judge
Superior Court of the District of Columbia

William P. Lightfoot
Chairperson

March 11, 2008
_____
Date

3/12/08
_____
Date

2

# Attachment B

# Superior Court of the District of Columbia
## Washington, D.C. 20001

Chambers of
John H. Bayly, Jr.
Judge

September 21, 2007

Liyah Brown, Esq.
Public Defender Service
633 Indiana Ave., N.W.
Washington, D.C.  20004

Dear Ms. Brown:

At the outset may I apologize for any anguish or embarrassment you may have experienced as a result of being detained behind the courtroom on August 29, 2007.  I do not know first-hand what you may have experienced, but it was never my intention or my expectation that your detention should be made punitive.  I now recognize that even a brief period of detention would have caused you distress out of proportion to what had occurred.

I would also like to express my regret that the events of August 29 came to such an unfortunate conclusion.  Like my colleagues, I often struggle to ensure the fair and efficient administration of justice on a crowded criminal calendar.  My purpose at the status call was not to deprive your client of your help or representation.  Nor was my purpose to express personal pique or animus. Rather, my aim was to address what I saw as a situation that prevented me from reaching the remaining cases on the calendar in an orderly and expeditious fashion.  You will recall, I hope, that I rescinded my action as soon as remaining cases could be called, the courtroom had been substantially emptied, and you had conferred with your colleagues.  I did not adjudicate you in contempt and it was never my intention to pursue contempt proceedings once order had been reestablished.

I recognize fully that I share the courtroom with litigants, lawyers, witnesses, staff, and spectators.  I recognize also that the judge's role is properly focused on

overseeing the pace, scope, and fairness of the proceedings.  I apologize to you if, in haste, I did not make clear that my sole interest was to discharge my obligation in this respect.

Upon reflection, I also acknowledge that placing you in custody was too severe a measure for accomplishing what I had hoped to achieve.  I apologize for proceeding in so summary a fashion as I see, in retrospect, that it caused you distress I never intended.

I hope that by expressing these thoughts I have to some extent allayed your concerns and that we will be able to pursue a professional relationship that is both positive and productive.

Very truly yours,